UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JENNY LUZ MAYTA CHAVEZ,<br><br>Petitioner,<br><br>v.<br><br>TODD BLANCHE et al.,<br><br>Respondents. | CASE NO. 2:26-cv-02199-JNW<br><br>ORDER GRANTING IN PART PETITIONER'S WRIT OF HABEAS CORPUS PETITION |

## 1.  INTRODUCTION

This matter comes before the Court on Petitioner Jenny Luz Mayta Chavez's petition for a writ of habeas corpus, Dkt. No. 1. Mayta Chavez is a citizen of Peru detained by Immigration and Customs Enforcement (ICE) at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkt. No. 9. She seeks immediate release, along with an order barring her re-detention and her removal to a third country without due process. Dkt. No. 1. Having reviewed the petition, the return, and the traverse, the Court GRANTS IN PART the petition for the reasons stated below.

ORDER GRANTING IN PART PETITIONER'S WRIT OF HABEAS CORPUS PETITION - 1

## 2. BACKGROUND

Mayta Chavez is a citizen of Peru. Dkt. No. 1 at 6. On May 15, 2023, Mayta Chavez, her partner, and their two children arrived in the United States. They were detained on entry for entering without inspection and without valid documents. ICE released Mayta Chavez on an Order of Recognizance and later enrolled her in an Alternatives to Detention ("ATD") program with GPS monitoring. *Id*. After her release from custody, Mayta Chavez's partner severely abused her and eventually abandoned the family, taking their car and money. *Id*. at 7. Mayta Chavez worked as a cleaner while caring for her two daughters. *Id*. In September 2024, she was hospitalized for a stress-induced mental health crisis and temporarily lost custody of her children. *Id*. She completed a twelve-week parenting program and court-ordered psychiatric care to regain custody. Before she could, ICE detained her at a scheduled check-in on April 15, 2025, after finding an arrest record, missed check-ins, and multiple ATD violations. Dkt. No. 9 ¶ 8.

On October 28, 2025, an Immigration Judge denied Mayta Chavez bond after determining that she was a flight risk. *Id*. ¶ 9. On November 20, 2025, she was ordered removed to Peru, with a grant of withholding of removal. *Id*. ¶ 10. ICE served her with a Notice of Removal to Mexico on December 27, 2025, which she refused to sign, and with a second Notice of Removal to Mexico on February 17, 2026. *Id*. ¶¶ 11, 12. Respondents concede that "no removal plans are in place at this time" and that "ERO has not yet procured a travel document to Mexico for Petitioner." Dkt. No. 9 ¶ 13; Dkt. No. 8 at 4.

## 3.  DISCUSSION

### 3.1    Legal standards.

#### 3.1.1      Habeas relief.

Federal courts have authority to grant writs of habeas corpus to any person held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas corpus "entitles [a] prisoner to a meaningful opportunity to demonstrate that he is being held pursuant to 'the erroneous application or interpretation' of relevant law." *Boumediene v. Bush*, 553 U.S. 723, 779 (2008) (quoting *INS v. St. Cyr*, 533 U.S. 289, 302 (2001)). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody," and thus to warrant relief, a petitioner must demonstrate that her detention is unlawful. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); see *Lambert v. Blodgett*, 393 F.3d 943, 969 n.16 (9th Cir. 2004) ("In state collateral litigation, as well as federal habeas proceedings, it is the petitioner who bears the burden of proving his case."); *see also Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004) ("petitioner carries the burden of proving by a preponderance of the evidence that he is entitled to habeas relief" when challenging incarceration by the state under 28 U.S.C. § 2254). A district court's habeas jurisdiction extends to challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 517 (2003).

### 3.1.2    Other equitable relief.

Federal courts have "long recognized the existence of an implied cause of action through which plaintiffs may seek equitable relief to remedy a constitutional violation." *Roman v. Wolf*, 977 F.3d 935, 941 (9th Cir. 2020). "Where habeas petitioners raise Due Process claims and have also invoked the Court's jurisdiction under 28 U.S.C. § 1331, the Court has 'the authority both to entertain [the petitioner's] constitutional challenges and to grant injunctive relief in response to them,' 'irrespective of the accompanying habeas petition.'" *Francisco Lorenzo v. Bondi*, No. 2:25-cv-02660-LK, 2026 WL 237501, at *6 (W.D. Wash. Jan. 29, 2026) (quoting *Roman*, 977 F.3d at 941–42). "Once a [constitutional] right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for breadth and flexibility are inherent in equitable remedies." *Roman*, 977 F.3d at 942 (quoting *Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 402 U.S. 1, 15 (1971)).

Plaintiffs seeking equitable relief in the form of permanent injunctions must show: "(1) that [they] ha[ve] suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange*, L.L.C., 547 U.S. 388, 391 (2006); *see Francisco Lorenzo*, 2026 WL 237501, at *6 (applying the permanent injunction standard to injunctive relief requested in immigration habeas proceedings).

**3.2    Mayta Chavez's continued detention is no longer authorized.**

Mayta Chavez argues that her continued detention, with no significant likelihood of removal in the reasonably foreseeable future, violates due process. Respondents make no argument on this point in their return. The Court agrees with Mayta Chavez.

In *Zadvydas*, the Supreme Court held that 8 U.S.C. § 1231(a)(6) "does not permit indefinite detention." 533 U.S. at 689. Rather, it allows detention only for "a period reasonably necessary to bring about that [noncitizen]'s removal from the United States." *Id*. "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id*. at 699.

The Court established six months as the "presumptively reasonable" period of post-removal-order detention. *Id*. at 701. After six months, "once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id*. Importantly, "as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id*. The Government's burden to justify continued detention thus becomes increasingly demanding over time.

Mayta Chavez is detained under 8 U.S.C. § 1231(a)(6), which authorizes continued detention after the 90-day removal period for certain categories of noncitizens or release under conditions of supervision. *See Zadvydas*, 533 U.S. at 682. Her removal became final on November 20, 2025. Dkt. No. 9 ¶ 10. It has been 8 months since then, and Mayta Chavez has been detained for over 15 months.

ORDER GRANTING IN PART PETITIONER'S WRIT OF HABEAS CORPUS PETITION - 5

Mayta Chavez has given good reason to believe that no significant likelihood of removal exists in the reasonably foreseeable future. First, no one disputes that her removal to Peru is foreclosed by the IJ's grant of withholding. Dkt. No. 1 at 4; Dkt. No. 8 at 3. Second, Respondents concede, in their return and through the declaration of Deportation Officer Kurtis Reed, that "no removal plans are in place at this time" and that "ERO has not yet procured a travel document to Mexico." Dkt. No. 8 at 4; Dkt. No. 9 ¶ 13. Third, Mexico has not agreed to accept her. She refused to sign the December 2025 notice and says she is unwilling to go, and a sworn ICE declaration she submits from another case states that Mexico stood ready to accept a deportee "only if he would willingly go," and that "ICE cannot, and did not, force [him] to depart." Dkt. No. 1-8 at 5; Dkt. No. 10-7 at 2; Dkt. No. 1 at 8. Respondents' reference to the October 28, 2025, bond denial does not change this. Dkt. No. 8 at 3. A finding of flight risk may justify detention while removal is being accomplished, but it does not authorize detention once removal is no longer reasonably foreseeable. *Zadvydas*, 533 U.S. at 690; *Kibor v. Hernandez,* No. 2:26-CV-01727-JNW, 2026 WL 2069949, at *3 (W.D. Wash. July 17, 2026).

Respondents have not rebutted Mayta Chavez's showing with any evidence. A "pending execution of the final removal order" alone is insufficient. Dkt. No. 8 at 4. Under *Zadvydas*, the Government bears the burden of providing affirmative evidence that removal is reasonably foreseeable and that requires more than a statement that the order is pending. 533 U.S. at 701*; see also Singh v. Gonzales*, 448 F. Supp. 2d 1214, 1220 (W.D. Wash. 2006); *Chen v. Hermosillo*, No. 2:26-CV-00067, 2026 WL 252077, at *3 (W.D. Wash. Jan. 30, 2026).

Because there is no significant likelihood of Mayta Chavez's removal in the reasonably foreseeable future, her continued detention is no longer authorized by statute. She must be released immediately. Because that ground is dispositive, the Court does not reach her separate claim that Respondents failed to comply with 8 C.F.R. § 241.13 when they detained her.

The Court will not, however, order Respondents to rescind the GPS monitoring condition in Mayta Chavez's ATD plan. Dkt. No. 1 at 23–24. Mayta Chavez argues that Respondents' silence on this request concedes the point, but she also asks to be released on the same conditions as her most recent release, and those conditions included GPS monitoring. The Court finds no reason to disturb that order. *Singh v. Noem*, No. 2:26-CV-00766-TLF, 2026 WL 1045507, at *6 (W.D. Wash. Apr. 17, 2026) (finding when a person has been subjected to GPS monitoring prior to detention, it is appropriate for that condition to remain upon release). *Compare with Singh v. Noem*, No. C26-0302JLR, 2026 WL 879247, at *5 (W.D. Wash. Mar. 31, 2026) (holding GPS monitoring is unnecessary when the person is found to be neither a danger to the community nor a risk of flight).

### 3.3    The Court grants in part Mayta Chavez's requests for injunctive relief.

Mayta Chavez asks for various forms of injunctive relief, including to prohibit Respondents from (1) re-detaining her without procedural due process and receipt of travel documents; (2) removing her to a third country without due process; and (3) removing her to a third country where she is likely to face imprisonment or other punishment upon arrival. Respondents oppose. Respondents also argue that Mayta

ORDER GRANTING IN PART PETITIONER'S WRIT OF HABEAS CORPUS PETITION - 7

Chavez should not be permitted to self-deport if she is re-detained. Her petition does not ask for that relief, and she raised it for the first time in her reply. Dkt. No. 11 at 6–7. The Court does not consider it.

As an initial matter, the Court finds that Mayta Chavez has met the requirements for most of, but not all, her requests for injunctive relief. *See eBay*, 547 U.S. at 391. She suffered irreparable injury through the violation of her constitutional right to due process and months of unlawful detention. She has been separated from her family, including her two children, for more than 15 months, causing her and her family significant hardship. No monetary remedy can compensate for the deprivation of physical liberty. The balance of hardships favors Mayta Chavez, as the injunction requires only that Respondents comply with the Constitution before re-detaining her. And the public interest is served by an order prohibiting Respondents from violating the Due Process Clause. The Court's power to remedy past wrongs is broad and flexible. *Swann*, 402 U.S. at 15. Mayta Chavez has also established a "cognizable danger of recurrent violation, something more than the mere possibility which serves to keep the case alive." *Cummings v. Connell*, 316 F.3d 886, 897 (9th Cir. 2003) (quoting *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953)). ICE has detained her once already, on a records check that flagged her arrest history and ATD violations, and Respondents maintain that she is owed no more process than she has received.

### 3.3.1    Respondents must comply with the law if they re-detain Mayta Chavez.

Upon release, Mayta Chavez will have a liberty interest in her continued freedom that due process protects. *See Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). To the extent Respondents seek to revoke Mayta Chavez's ATD order and re-detain her, any decision must be supported by changed circumstances demonstrating a significant likelihood that she may be removed in the reasonably foreseeable future. The mere passage of time, or a repetition of the same generalized removal efforts that have not yet produced any country willing to accept Mayta Chavez, will not do. A noncitizen cannot be re-detained solely because she is subject to removal proceedings. *Chavez v. Casey*, No. 26-CV-03656-BAS-BJW, 2026 WL 2161204, at *2 (S.D. Cal. July 27, 2026). Respondents must also provide adequate notice of the reasons for any proposed re-detention and a meaningful opportunity to respond before re-detention occurs.

This standard tracks the regulatory framework at 8 C.F.R. § 241.13(i), which permits revocation of release and re-detention only where a noncitizen violates conditions of release or where changed circumstances create a significant likelihood of removal, and which requires notice and an opportunity to respond. That regulation reflects the agency's own determination of the process due to noncitizens facing re-detention, and this Court finds that process equally necessary here. *See, e.g., Castillo Rivas v. Bondi*, No. C26-0134-KKE, 2026 WL 295705, at *5 (W.D. Wash. Feb. 4, 2026); *Uprety v. Bondi*, No. 2:25-CV-02443-JNW-MLP, 2026 WL 194227, at *4 (W.D. Wash. Jan. 26, 2026).

At any such hearing, Respondents must prove by clear and convincing evidence that Mayta Chavez presents a flight risk or a danger to the community. *Singh v. Holder*, 638 F.3d 1196, 1204 (9th Cir. 2011)*; see, e.g., Sanchez v. Bondi*, No. C25-2573KKE, 2026 WL 160882, at *6 (W.D. Wash. Jan. 21, 2026*)* (same); *Ahmed v. Bondi*, No. C25-2718JLR, 2026 WL 252078, at *5 (W.D. Wash. Jan. 30, 2026) (same); *Maliwat v. Scott*, No. 2:25-cv-00788-TMC, 2025 WL 2256711, at *10 (W.D. Wash. Aug. 7, 2025) (the *Singh* standard applies to redetention hearings). Respondents resist that standard, citing *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1211 (9th Cir. 2022), and *Demore v. Kim*, 538 U.S. 510 (2003). Dkt. No. 8 at 4–5. Neither case controls. *Rodriguez Diaz* addressed a noncitizen detained under 8 U.S.C. § 1226(a) "and its bond determination processes from the onset of his detention," 53 F.4th at 1211, and it distinguished *Singh* on precisely that ground, explaining that *Singh* and its companion cases "addressed detention under §§ 1225(b), 1226(c), or 1231(a)(6), not detention that was based on § 1226(a) throughout." *Id.* at 1202. Mayta Chavez is detained under § 1231(a)(6). And *Demore* upheld detention without bond hearings for noncitizens who, unlike Mayta Chavez, had no final order of removal. 538 U.S. at 513.

Mayta Chavez also asks that Respondents obtain a valid travel document and provide it to Mayta Chavez and her counsel before any re-detention. Dkt. No. 1 at 12, 30. But "[i]n seeking a permanent injunction, the moving party must convince the court that relief is needed," by showing "some cognizable danger of recurrent violation, something more than the mere possibility which serves to keep the case alive." *Cummings*, 316 F.3d at 897. Mayta Chavez alleges no facts suggesting that

ORDER GRANTING IN PART PETITIONER'S WRIT OF HABEAS CORPUS PETITION - 10

ICE will seize her to execute a removal it has no means to carry out, and the notice-and-hearing requirement already addresses the harm she fears. This request is denied.

**3.4    Respondents must follow the law regarding third country removal.**

Mayta Chavez asks the Court to prohibit Respondents from removing her to a third country without due process and to enjoin her removal to a third country where she is likely to face imprisonment or other punishment upon arrival. Dkt. No. 1 at 27, 31. Respondents oppose. Mayta Chavez attaches a copy of ICE's July 9, 2025, memorandum on third country removals. Dkt. No. 1-4. That memorandum, together with two served Notices of Removal naming Mexico, gives rise to a sufficient threat that Mayta Chavez will face third country removal without adequate process. *Nguyen v. Scott*, 796 F. Supp. 3d 703, 736–37 (W.D. Wash. 2025).

Respondents argue that 8 U.S.C. § 1252(g) bars this relief. It does not. Section 1252(g) strips jurisdiction over claims "arising from" three discrete decisions: to commence proceedings, to adjudicate cases, or to execute removal orders. The Court reviews none of them. It does not decide whether Mayta Chavez may be removed, or when, or to which country. It decides only what process must come first, and § 1252(g) does not reach that question. *Ibarra-Perez v. United States*, 154 F.4th 989, 997 (9th Cir. 2025) ("[W]e have been clear that § 1252(g) does not prohibit challenges to unlawful practices merely because they are in some fashion connected to removal orders.").

When the Government cannot remove a noncitizen to the country specified in the removal order, it has statutory authority to designate an alternative country. 8 U.S.C. § 1231(b)(2); 8 C.F.R. § 1240.12(d). But that authority is subject to important limitations. The INA prohibits the Government from removing a noncitizen to a country where the noncitizen's life or freedom would be threatened. 8 U.S.C. § 1231(b)(3)(A). Due process is violated when a noncitizen pending removal has no opportunity to address her fear of persecution in that country. *See Andriasian v. I.N.S.*, 180 F.3d 1033, 1041 (9th Cir. 1999); *Aden v. Nielsen*, 409 F. Supp. 3d 998, 1019 (W.D. Wash. 2019). Due process includes the right to a full and fair hearing, an impartial decisionmaker, and an evaluation of the merits of the particular claim. *Torres-Aguilar v. INS*, 246 F.3d 1267, 1270 (9th Cir. 2001). The noncitizen must receive sufficient notice of the country and a reasonable opportunity to pursue a claim for withholding of removal. *Aden,* 409 F. Supp. 3d at 1009–11. Simply allowing the noncitizen to file a motion to reopen removal proceedings is not enough; the proceedings must be reopened and a hearing held. *Id.* at 1011. *See also Nguyen*, 796 F. Supp. 3d at 727 (holding that the findings from *Aden* flow directly from Ninth Circuit precedent and that some ICE third country removal policies, including those in the July 9, 2025, memorandum, contravene the law).

Respondents' remaining answer is *Johnson v. Guzman Chavez*, 594 U.S. 523, 531–32 (2021), which holds that withholding is country-specific and does not itself bar removal to a third country. Dkt. No. 8 at 6. That is true, and it is beside the point. The Court does not bar third-country removal. It requires notice and a hearing first. So if Respondents intend to remove Mayta Chavez to a third country,

they must give her sufficient notice and a meaningful opportunity, in reopened removal proceedings before an Immigration Judge, to seek withholding of removal or protection under the Convention Against Torture.

### 3.4.1    On this record, Mayta Chavez has not shown that Respondents' third-country removal policies are punitive such that they violate her Fifth and Eighth Amendment rights.

Mayta Chavez argues that ICE's third country removal policies are punitive and violate the Fifth and Eighth Amendments and asks the Court to enjoin her removal to any third country where she is likely to face imprisonment or punishment upon arrival. Dkt. No. 1 at 28, 31. Mayta Chavez has not met the requirements for injunctive relief here. She argues that her unlikely removal to Peru, and the Government's rapid and unlawful implementation of its third country removal policies, strip Mayta Chavez of the opportunity to seek injunctive relief in the future. Dkt. No. 1 at 28–29. Mayta Chavez will have an opportunity to be heard about her fears of persecution or torture before an Immigration Judge, as ordered here. She has successfully navigated this process before given the previous decision to withhold removal to Peru. Dkt. No. 9 ¶ 10. The only country identified for removal thus far has been Mexico; she does not allege that she is fearful of persecution if removed to Mexico, although her petition states that she is "unwilling" to be removed there. Dkt. No. 1 at 8. Citing to the Government's third country removal policies generally, Dkt. No. 1 at 18–19, is not enough to meet the requirement of proof of likelihood of irreparable injury that would entitle Mayta Chavez to permanent injunctive relief. *See eBay Inc.*, 547 U.S. at 391. *See also*

ORDER GRANTING IN PART PETITIONER'S WRIT OF HABEAS CORPUS PETITION - 13

*Sanchez*, 2026 WL 160882, at \*6 (denying petitioner's request to enjoin third country removal without stated fear of a specific country); *Kumar v. Wamsley*, 817 F. Supp. 3d 1059, 1073 (W.D. Wash. 2025) (enjoining third-country removal where petitioner was notified he was to be removed to a country where he would likely face persecution).

If Respondents seek to remove Mayta Chavez to a third country, they must provide her notice and a meaningful opportunity in reopened removal proceedings to contest that removal for fear of persecution or torture in that country. On this record, the Court declines to grant Mayta Chavez a permanent injunction against removal to "any third country."

## 4. CONCLUSION

The Court GRANTS Mayta Chavez's petition for a writ of habeas corpus, and ORDERS as follows:

1. Respondents must RELEASE Petitioner Mayta Chavez from custody within TWENTY-FOUR (24) HOURS of this order, subject to the conditions of her previous ATD release order.

2. Within FORTY-EIGHT (48) HOURS of this order, Respondents must provide the Court with a status report confirming that Petitioner has been released from custody and informing the Court of the date and time of her release.

3. Petitioner must not be re-detained unless Respondents provide Petitioner with written notice and an opportunity to respond and contest the decision in a manner that comports with 8 C.F.R. § 241.13.

4.  Respondents must REFRAIN from removing or seeking to remove Petitioner to a third country without providing notice and a meaningful opportunity to respond in reopened removal proceedings before an Immigration Judge.

5.  All other requested relief is DENIED WITHOUT PREJUDICE as stated in this order.


Dated this 14th day of August, 2026.

_____
Jamal N. Whitehead
United States District Judge

ORDER GRANTING IN PART PETITIONER'S WRIT OF HABEAS CORPUS PETITION - 15